HENRY M. CHAMBERLAIN & others *vs.* CHARLES H. STEARNS & others.

*A devise in trust, to be applied " solely for benevolent purposes" in the discretion of the trustees, is not a charity, and is void.*

BILL IN EQUITY by the trustees under the will of David McClure for the instructions of the court upon the question whether a valid trust was created by a devise of land to them in fee, " in trust to sell and convey the same as they shall see fit, at private or public sale, in parcels or altogether, and the proceeds safely to invest, and the income thereof and the principal from time to time to expend solely for benevolent purposes in their discretion."

The bill alleged that the plaintiffs, since their appointment as such trustees, had been and were desirous to execute the trust so declared, and to sell the land so devised in trust, and apply the proceeds to such charitable purposes as to this court might seem proper ; but the testator's granddaughter and sole heir at law and residuary devisee and legatee claimed that no valid trust was thereby created, and that she was seised in fee simple of the land therein described, free from all trusts attempted to be created by the will ; and on the other hand the plaintiffs were requested by representatives of various charities, who believed that said charities might in the discretion of the trustees become beneficiaries under the trust, to proceed to execute said trust, said representatives claiming that said trust was valid, and that said granddaughter had no estate or interest in the land.

An answer was filed on behalf of the granddaughter in accordance with her claim as stated in the bill. The attorney general was by order of the court made a party to the suit, and filed an answer submitting the case to its decision. And the case was reserved by *Morton*, J., upon bill and answers, for the consideration of the full court.

*H. M. Chamberlain*, for the trustees, cited *Saltonstall* v. *Sanders*, 11 Allen, 446 ; *Rotch* v. *Emerson*, 105 Mass. 431 ; Perry on Trusts, §§ 712, 748 ; and the cases therein referred to.

*W. W. Burrage*, for the granddaughter.

GRAY, J. The question presented by this case is, whether a devise in trust, to be applied " solely for benevolent purposes " in the discretion of the trustees, creates a public charity. And we are all of opinion that it does not.

The word " benevolent," of itself, without anything in the context to qualify or restrict its ordinary meaning, clearly includes not only purposes which are deemed charitable by a court of equity ; but also any acts dictated by kindness, good will or a disposition to do good, the objects of which have no relation to the promotion of education, learning or religion, the relief of the needy, the sick or the afflicted, the support of public works or the relief of public burdens, and cannot be deemed charitable in the technical and legal sense.

The only difference of opinion in the adjudged cases on this subject has been upon the question how far the word " benevolent," when used to describe the purposes of a trust, could be deemed to be limited in its meaning by being associated with other words more clearly pointing to a strictly charitable disposition of the fund. In one case in the English chancery, and another in New Jersey, it has been held that even a bequest to trustees to be applied in their discretion for " benevolent, charitable and religious purposes," was too uncertain to be supported. *Williams* v. *Kershaw*, 5 Law J. (N. S.) Ch. 84 ; *S. C.* 5 Cl. & F. 111. *Norris* v. *Thomson*, 4 C. E. Green, 307, and 5 C. E. Green, 489. On the other hand, it has been held by this court, and by the House of Lords, that "benevolent," when coupled with " charitable " or any equivalent word, or used in such connection, or applied to such public institutions or corporations, as to manifest an intent to make it synonymous with " charitable," might have effect according to that intent. *Saltonstall* v. *Sanders*, 11 Allen, 446. *Rotch* v. *Emerson*, 105 Mass. 431, 434. *Hill* v. *Burns*, 2 Wils. & Shaw, 80. *Crichton* v. *Grierson*, 3 Bligh N. R. 424 ; *S. C.* 3 Wils. & Shaw, 329, 341. *Ewen* v. *Bannerman*, 2 Dow & Cl. 74, 101 ; *S. C.* 4 Wils. & Shaw, 346 359. *Miller* v. *Rowan*, 5 Cl. & F. 99 ; *S. C.* 2 Shaw & Macl. 866.

In the case before us, the devise contains no qualifying or explanatory words, and falls precisely within the case of *James* v. *Allen*, 3 Meriv. 17, and the reasons there given. A bequest to executors, " in trust to be by them applied and disposed of for and to such benevolent purposes as they in their integrity and discretion may unanimously agree on," was there held to be void for uncertainty, and distributable among the next of kin ; and Sir William Grant said : " Although many charitable institutions are very properly called 'benevolent,' it is impossible to say that every object of a man's benevolence is also an object of his charity." " What authority would this court have to say that the property must not be applied to purposes however so benevolent, unless they also come within the technical denomination of charitable purposes ? If it might, consistently with the will, be applied to other than strictly charitable purposes, the trust is too indefinite for the court to execute." That decision has never been doubted, and is strongly supported by the arguments of Sir Samuel Romilly and the judgments of Sir William Grant and Lord Eldon in *Morice* v. *Bishop of Durham*, 9 Ves. 399, and 10 Ves. 521, and by the opinions of Lord Brougham in *Attorney General* v. *Haberdashers' Co.* 1 Myl. & K. 420, 428, and Lord Langdale in *Nash* v. *Morley*, 5 Beav. 177, 183.

As the duration of the trust now in question is unlimited, and the trust property might, in full accordance with the terms of the devise, be wholly applied by the trustees in their discretion to uses and purposes which are not regarded by the law as charitable, the trust is wholly void, and the property must go to the heir at law and residuary devisee.                     *Decree accordingly.*