HALES W. SUTER, administrator, *vs.* CATHERINE D. HILLIARD
& others.

Suffolk.   Jan. 19. — March 4, 1882.   LORD, FIELD & C. ALLEN, JJ., absent.

A devise in trust " to assist, relieve, and benefit poor and necessitous persons, and to assist and coöperate with any such charitable, benevolent, religious, literary and scientific societies and associations, or any or either of them, as shall appear to the trustees best to deserve such assistance or coöperation," is a valid charitable devise.

BILL IN EQUITY by the administrator *de bonis non,* with the will annexed, of the estate of John Foster, for the instructions of the court upon the question whether a valid trust was created by a residuary devise to trustees named and their successors, in trust to appropriate the net income, according to their best judgment and soundest discretion, to the following purposes : " First. To assist, relieve and benefit such poor and necessitous persons or person as the trustees or trustee for the time being shall consider most necessitous and most deserving of such assistance and relief, and as shall be within the power of such

trustees or trustee to furnish from said income.    Second.  To assist and coöperate with any such charitable, benevolent, religious, literary and scientific societies and associations, or any or either of them, as shall appear to the trustees or trustee for the time being best to deserve such assistance and coöperation."

The bill alleged that the trustees named in the will had deceased without undertaking to execute the trust, and that Frederick Dabney, Esq. had been appointed trustee in their stead.

The case was heard by *Field*, J., and reserved for the consideration of the full court, such decree to be entered as law and justice might require.

*H. G. Parker & W. A. Hayes, Jr.*, for the heirs at law of John Foster.

*F. Dabney*, pro se.

ENDICOTT, J.  The question here raised is settled by the decisions of this court.  The word " benevolent " as applied to objects or purposes may refer to those which are in their nature charitable, and may also have a broader meaning, and include objects and purposes not charitable in the legal sense of that word.  Acts of kindness, friendship, forethought, or good will might properly be described as benevolent.  It has therefore been held that gifts to trustees to be applied " for benevolent purposes " at their discretion, or " to such benevolent purposes " as they could agree upon, do not create a public charity.  *Chamberlain* v. *Stearns*, 111 Mass. 267.  *James* v. *Allen*, 3 Meriv. 17.

In those cases, the word " benevolent " was the only word used in describing the purposes to which the gifts were to be devoted.  But where it is used in connection with other words explanatory of its meaning, and indicating the intent of the donor to limit it to purposes strictly charitable, it has been held to be synonymous with, or equivalent to, " charitable."  Numerous instances of such use of the word in the statutes of this Commonwealth are referred to in *Saltonstall* v. *Sanders*, 11 Allen, 446, 468.  And it was said by Mr. Justice Gray, in delivering the judgment in that case, " Whatever may be the meaning, in the law of Massachusetts, of the word ' benevolence ' by itself, there can be no doubt that when used in connection with

'charity,' as in this will, it is synonymous with it." 11 Allen, 470. The language there was "in aid of objects and purposes of benevolence or charity, public or private." So the words "philosophical or philanthropic purposes," taken in connection with other words which precede them, may be understood as referring to practical and useful sciences, and not to those which are merely abstract, speculative, and metaphysical. *Rotch* v. *Emerson*, 105 Mass. 431.

The meaning of the word "benevolent" in the will now before us is modified and limited by other words in connection with which it is used; and it is plain that the testator used the word as synonymous with "charitable," and intended to create a charity in its strict legal sense.

The trustee under the residuary clause is, therefore, entitled to receive the fund.                    *Decree accordingly.*