FRANCES E. COFFIN & another, trustees, *vs.* ATTORNEY GENERAL & others.

Essex.  November 20, 1918. — January 3, 1919.

Present: RUGG, C. J., LORING, BRALEY, & PIERCE, JJ.

*Devise and Legacy.  Power.  Charity.*

A testator by his will disposed of the residue of his estate as follows: "The remainder of my Property both real and personal I give in Trust to my wife F E C & M E C to be used by them if their real wants are not supplied from any failure of income from their own property to give them a generous support or L M C or any other near relative the interest on the same to be used as it is needed for such purposes.  My will & wish is that my wife, daughter & L M C have every needed want supplied & to this end they may use this trust so far as it is necessary if their own property does not supply all their wants & any & all interest left after paying any such extra wants it is my will & shall be devoted to Missions & like good objects as they may think best & the principal shall go finally to the same or similar objects as my wife & daughter may decide knowing as they do my purpose."  F E C, the testator's widow, waived the provisions for her benefit in his will, and continued to live.  M E C, the testator's daughter, died, without having made any appointment under the above residuary clause.  L M C also died.  On a bill for instructions by the trustees under such residuary clause, it was *held*, that a valid trust for charitable purposes was created in so much of the residue of the testator's property as had not been required for the support of the individual beneficiaries, that the power of appointment to designate the charities vested in the testator's widow and his daughter and could be exercised by the widow as the survivor of them and that the trustees should be ordered to distribute and pay over the residue to such charitable organizations as the widow as such survivor of the donees of the power should appoint.

In the suit described above it appeared that, before the filing of the bill, the widow had made an attempted execution of the power by deed, but in such attempt had provided for a payment for the benefit of a private trust and also had provided that the instrument of appointment should become operative only when a ratification of it by a decree of the Probate Court should become absolute, and it was *held* that the attempted appointment to the private trust was void, but that this instrument did not prevent a new appointment by the widow in conformity with the terms of the power.

BILL IN EQUITY, filed in the Probate Court for the county of Essex on February 9, 1918, by the trustees under the eighth and residuary article of the will of Charles H. Coffin, late of Newburyport, for instructions as to the distribution of the trust fund under the circumstances stated in the opinion.

The Probate Court made a decree that the fund in the petitioners' hands, both income and principal, should be paid forthwith to such charitable organizations as Frances E. Coffin, the testator's widow, should appoint. The administrator of the estate of Mary E. Coffin, who was the testator's daughter, appealed.

In the Supreme Judicial Court the case was heard by *Carroll,* J., who found that the facts were as stated in the agreed facts and ordered that the decree appealed from be affirmed. At the request of the appellant the single justice reported the case for determination by the full court.

*H. I. Bartlett,* for the appellant.

*A. H. Wellman,* (*C. Bosson* & *P. I. Lawton* with him,) for the American Missionary Association and others.

BRALEY, J. The testator, after creating certain trusts which were to continue during the lives of the respective beneficiaries and making pecuniary gifts to several charities, provided in the eighth or residuary clause of his will that, "The remainder of my Property both real and personal I give in Trust to my wife Frances E. Coffin & Mary E. Coffin to be used by them if their real wants are not supplied from any failure of income from their own property to give them a generous support or Lizzie M. Coffin or any other near relative the interest on the same to be used as it is needed for such purposes.

"My will & wish is that my wife, daughter & Lizzie M. Coffin have every needed want supplied & to this end they may use this trust so far as it is necessary if their own property does not supply all their wants & any & all interest left after paying any such extra wants it is my will & shall be devoted to Missions & like good objects as they may think best & the principal shall go finally to the same or similar objects as my wife & daughter may decide knowing as they do my purpose."

The widow, who is living, having waived the provisions made for her and the daughter having died intestate and Lizzie M. Coffin being deceased, the question for decision is whether a valid charity exists or whether the fund should be turned over to the administrator of the daughter who was the testator's only heir at law.

The difficulties which prevented the establishment of either a

private trust or charity in *Minot* v. *Attorney General,* 189 Mass. 176, where, the testator having included uses which were not charitable, the description of the beneficiaries was too indefinite to sustain a private trust and a resulting trust therefore arose in favor of the testator's next of kin, are not found in the present will. The testator says that he gives the. remainder in trust, the primary purpose of which was that if their own property was insufficient his wife and daughter and Lizzie M. Coffin should "have every needed want supplied," even if the entire property should be thereby exhausted. But this is not the only object which he had in mind. If any part or the whole of it remains then the principal is to be devoted to missions, "& like good objects" as his wife and daughter may think best "knowing as they do my purpose." While the testator. omits to name specifically organizations he wishes to benefit, the selection of which is left to others, yet where the gift is to charity the omission is insufficient to defeat his clearly expressed intention. *Minot* v. *Baker,* 147 Mass. 348. *Wilcox* v. *Attorney General,* 207 Mass. 198, 199. And the power conferred on his wife and daughter as trustees to designate charities having been coupled with an interest, could be rightfully exercised by the widow after her daughter's death. *Parker* v. *Sears,* 117 Mass. 513. *Lorings* v. *Marsh,* 6 Wall. 337.

The instrument however by which she purports to exercise the power, not only appoints a portion of the fund to "Helen W. Coffin as she is trustee for the benefit of Hattie Coffin," but is not to become operative until a decree of the court of probate directing the payments as designated becomes absolute. It is plain that the appointment for the benefit of a private trust is excessive and void. *Loring* v. *Wilson,* 174 Mass. 132. But this does not prevent a re-execution in conformity with the terms of the power. *Carver* v. *Richards,* 27 Beav. 488.

The result is that, a valid trust for charitable purposes was created in so much of the testator's property as was not required for the support of the individual beneficiaries, that the power of appointment vested in the wife and daughter to designate the charities and could be exercised by the survivor, and that the time for final distribution has arrived.

The decree of the court of probate that the trustees are forthwith to distribute and pay over the property to such char-

itable organizations as the survivor of the power may appoint should be affirmed, but no costs on the appeal are to be taxed as between solicitor and client.

*Ordered accordingly.*