DELIA G. PRIME, Executrix, In Equity,

*vs.*

C. WALLACE HARMON, Adm'r, d. b. n. c. t. a. et als.

York.    Opinion June 1, 1921.

*Construction of an item in a will.    Ejusdem generis rule of construction.    Charitable bequests.    Charitable trusts.    Bequests to missionary societies for the diffusion and inculcation of the Christian religion are within the realm of public charities as defined by the court.    Bequests "to other moral and useful associations" not defeated, being for charity, by failure to specify in name such associations.*

Bill in equity praying for the construction of the following item in the will of Olive P. Ross: "8. to pay to the Maine Missionary Association or Society (Congregational) and to the Woman's Aid to the American Missionary Association and to other moral and useful Associations, such sums as my executor and trustee may deem advisable."

It is agreed that the Congregational Conference and Missionary Society of Maine has succeeded under reorganization to all the rights of the former, and the Women's Home Missionary Union of Maine to all the rights of the latter.

*Held:*

1.    That the bequests to the two associations named created valid charitable trusts because missionary societies for the diffusion and inculcation of the Christian religion are within the realm of public charities as defined by this court.

2.    That in the clause "to other moral and useful associations," the testatrix did not intend to give to benevolent institutions of a different kind from those specified which would not be of the charitable type, but to other institutions of the same kind and class as the two concrete examples: that is, to other missionary societies which should also be useful and moral, under the ejusdem generis rule of construction.    The words were intended to describe one class of objects rather than two, and the bequest in question is valid as a gift to charitable uses.

3.    The fact that the testatrix failed to specify the other charitable associations but left their selection to the trustee is insufficient to defeat the bequest, the gift being to charity.

On report.    A bill in equity seeking the construction of item 8 in the will of Olive P. Ross, who died March 20, 1896, leaving as her

only heirs at law, Mark Prime, a nephew, and Hattie Nowell, a grand-niece, who, never having married, died a few months subsequent to the death of the said Olive P. Ross. The nephew, Mark Prime, died July 6, 1917, testate, and the plaintiff is the executrix. Edward P. Burnham named in said will of Olive P. Ross as trustee of the funds in question, died May 12, 1902, and the defendant, C. Wallace Harmon was appointed administrator d. b. n. c. t. a., and had settled his final account showing $2,888.34 in his hands for distribution. The question involved was as to whether said sum should be paid to the executrix of the estate of the heir at law, the plaintiff, or that said sum constituted charitable trust funds, under said item 8 in the will of the said Olive P. Ross. The cause was heard upon the bill, answer, replication and proof, and at the conclusion of the evidence, by agreement of the parties, the case was reported to the Law Court upon so much of the evidence as was legally admissible. Bill sustained. Decree in accordance with opinion.

Case is fully stated in the opinion.

*N. B. & T. B. Walker*, for plaintiff.

*C. Wallace Harmon, pro se, and John P. Deering,* for Congregational Conference, Missionary Society of Maine, and Women's Home Missionary Union of Maine.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, WILSON, DEASY, JJ.

CORNISH, C. J. The testatrix, Olive P. Ross, after nominating Edward P. Burnham as executor and trustee under her last will and testament, bequeathed to him as executor and trustee all her goods, chattels, rights and credits in trust for "the following named uses and disposal." Then follow eight items designating objects of her bounty. The first seven of these have been paid and a balance of $2,888.34 is left in the hands of the defendant Harmon as administrator de bonis non with will annexed, Mr. Burnham having deceased, to be disposed of under item 8 which is treated as a residuary clause. That item is before the court for construction and is as follows:

"8. To pay to the Maine Missionary Association or Society (Congregational) and to the Woman's Aid to the American Missionary Association and to other moral and useful Associations, such sums as my executor and trustee may think advisable."

Did this item create a valid charitable trust, as claimed by the defendant associations; or did the words "to other moral and useful associations" allow the fund to be applied to non-charitable purposes and therefore render the whole clause invalid, as contended by the plaintiff who is the administratrix of the estate of Mark Prime, the only heir at law and next of kin of Olive P. Ross?

It is agreed that the Congregational Conference and Missionary Society of Maine, under re-organization, has succeeded to all the rights of the Maine Missionary Association or Society (Congregational), and that the Women's Home Missionary Union of Maine under reorganization has succeeded to all the right of the Women's Aid to the American Missionary Association, so that there is no controversy over the rights of these two existing corporations as beneficiaries if the trust is sustained.

The crucial questions are, did the testatrix intend to create a public trust of a charitable nature under item 8 and did she succeed? Both queries must be answered in the affirmative. It is unnecessary to enter upon a discussion of what is and what is not deemed a charitable trust because the proposition has been so often and so fully considered in the decided cases. The recent case of *Bills* v. *Pease,* 116 Maine, 98, treats the subject with many illustrations.

If the terms of the bequest here were "to pay to the Maine Missionary Association or Society (Congregational) and to the Woman's Aid to the American Missionary Association" there could be no doubt as to its validity. Missionary societies for the diffusion and inculcation of the Christian religion are indisputably within the realm of public charities as defined by this court. *Maine Baptist Missionary Convention* v. *Portland,* 65 Maine, 92; *Straw* v. *East Maine Conference,* 67 Maine, 494.

On the other hand if the bequest merely read: "To pay to moral and useful associations," there would be force in the plaintiff's contention that it was too broad. Many associations may be moral and useful and yet lack the requirements of a public charity. They would more nearly resemble associations established for benevolence only, as in *Murdock* v. *Bridges,* 91 Maine, 124; *Chamberlain* v. *Stearns,* 111 Mass., 267, or deemed "deserving" as in *Nichols* v. *Allen,* 130 Mass., 211. These are not of the required charitable type.

When, however, we adopt the approved method and take item 8 as a whole and not in fractional parts, the meaning of the testatrix

seems clear.  In specifying two associations which are obviously within the rule, she makes plain her own idea as to the kind or class of associations which she desires to benefit.  She names two concrete examples, and then it occurs to her that there may be others of the same general kind that might be equally worthy.  Therefore she adds as a part of the same sentence and without raising pen from paper "and to other moral and useful associations," that is other ·moral and useful associations of the same class as she has specified, others of like kind with the Maine Missionary Society and the Woman's Aid to the American Missionary Society.  True, in her own view she characterizes these associations as moral and useful and so they are.  But that characterization is only partial and does not deprive them of their inherent charitable quality.  It does not remove them from the class of public charities, nor does it remove similar associations although they too may be moral and useful.  These adjectives emphasize the worth of these organizations without changing their legal status.

This ejusdem generis rule is of frequent application.  "In ascertaining the real intention of a testator there is a rule applicable in the construction of wills as well as of statutes that when certain things are enumerated, and a more general description is coupled with the enumeration, that description is commonly understood to cover ·only things of a like kind with those enumerated.  This is because it is presumed that the testator had only things of that kind in mind."  *Andrews* v. *Schoppe,* 84 Maine, 170;  *Merrill* v. *Winchester,* 120 Maine, 203.

That presumption here is greatly strengthened by the fact that in the preceding item (7) is another gift for missionary purposes, viz. $500 to the Womans Board of Missions, a Massachusetts corporation, and there is no specific bequest to any other kind of association or corporation in any part of the will, except to these missionary societies, one in Massachusetts and two in Maine, followed by the general clause under consideration.  The testatrix was evidently interested in that particular form of charity.  In *Andrews* v. *Schoppe,* supra, and *Merrill* v. *Winchester,* supra, the rule of ejusdem generis was applied to the nature of the articles bequeathed.  We see no reason why it should not apply with equal force to the character of the beneficiaries receiving the bequest.  And the cases so hold.

In the case of In re Sutton, 28 Ch. Div., 464, the bequest was to "charitable and deserving objects." The English Court in the course of the opinion said, that if the gift was to charitable objects it would be valid; if to deserving objects it would be invalid; and the question was one of English rather than of law, namely whether the words were intended to describe one class of objects or two, and it was held to cover one.

In *Staines* v. *Burton,* 17· Utah, 331, a certain sum was bequeathed to the bishop of a church in trust, the income to be devoted to the benefit of the members of the church "whether it be for public schools, parks, watering cities, acclimatizing foreign plants or anything else whereby the members may be benefitted." In determining the force of "anything else," the court said: "By the general expression, 'anything else whereby the members may be benefitted,' we are authorized to assume the testator meant enterprises similar to those mentioned in the same connection and if those were charitable we may infer he intended charitable objects by his general expression."

In *Coffin* v. *Atty. General,* 231 Mass., 579, a bequest to "missions and like good objects" was held valid. The phrase "missions and like good objects," is not far removed from the missionary associations specifically named and "other moral and useful associations," as expressed in the will under consideration. A liberal interpretation would find them quite similar, and it is liberal interpretation which must be employed in construing charitable trusts. They are favorites of the court in equity. This was the policy announced in the earlier cases, *Tappan* v. *DeBlois,* 45 Maine, 122; *Preacher's Aid Society* v. *Rich,* 45 Maine, 552, and that policy has been constantly and consistently maintained. *Fox* v. *Gibbs,* 86 Maine, 87.

In the case last cited, in which the whole subject was exhaustively treated, the language of the will was, "benevolent and charitable objects and associations," "worthy and deserving charitable and benevolent associations and objects," "worthy educational, charitable and benevolent objects and purposes." The court held that the word benevolent was inserted to intensify the word charitable rather than otherwise, that the two words were coupled as one expression and that it cannot be believed that either the scrivener or the testator supposed he was constructing any but charitable bequests. Nor in our opinion did the testatrix in the case at bar, and her words expressed her thought.

The fact that the testatrix failed to specify the other charitable associations but left their selection to the trustee is insufficient to defeat the bequest, the gift being to charity. *White* v. *Ditson,* 140 Mass., 351; *Minot* v. *Baker,* 147 Mass., 384; *Weber* v. *Bryant,* 161 Mass., 400; *Coffin* v. *Atty. Gen.,* 231 Mass., 579; *Everett* v. *Carr,* 59 Maine, 325; *Dunn* v. *Morse,* 109 Maine, 254.

It is therefore the opinion of the court that the bequest in question is valid as a gift to charitable uses. Inasmuch as the executor and trustee named in the will failed to make the selection, in accordance with the duty imposed upon him, it is now the duty of the Probate Court of York County to appoint a new trustee who shall carry out the terms of the trust.

Costs and reasonable counsel fees to be fixed by the sitting Justice and paid out of the estate.

> *Bill sustained.*
> *Decree in accordance with*
> *opinion.*