### A. H. HUDGINS ET AL. V. B. M. LEGGETT, GUARDIAN, ET AL.

#### No. 3468.

1. **Appeal in Probate Matters.**—Revised Statutes, articles 2201 and 2202, prescribing rules in appeals from the Probate Courts to the District Courts, excepts from the necessity of executing appeal bonds administrators and executors. Courts can not add to the exceptions.

2. **Construction of Will—Jurisdiction of Probate Court.**—A will contained the following paragraph: "In consequence of the fact that my daughter J. V. Hudgins is now grievously afflicted, and serious doubts are entertained that even if she recovers physically her mind will be wrecked and shattered, I desire, direct, and instruct my other heirs, to-wit, F. M. Sansom, Jr., Otis Sansom, Leon Sansom, and Frederick Leggett, shall contribute out of the shares and interests herein bequeathed to them each the sum of $1000, for her use and benefit, in addition to the bequests herein individually made to her. This provision and bequest, however, is based on the contingency that the mind of my said daughter is permanently impaired." *Held:*

1. The substance of this clause with the contingency named is to give of the testator's estate to his daughter $4000 more than she would otherwise receive, and on the contingency to give to each of his sons $1000 less than they would otherwise receive.

2. Whether the contingency had arisen the County Court had power to determine.

3.   The court had power to require the executors of the will to pay to Mrs. Hudgins, or to any person entitled to receive it, any sum of money to which she was entitled under said will.

**3.   Cause of Action.** — In suit by husband as next friend against the executors seeking to have the additional legacy set aside for the benefit of Mrs. Hudgins, alleging that her mind was permanently impaired, *held*, such facts showed good cause of action.

**4.   Vested Right.**—The County Court adjudged in favor of Mrs. Hudgins that the additional $4000 provided for in her father's will be allowed to her out of his estate.   An ineffectual effort was made to appeal from the judgment, and pending such appeal she died.   *Held*, that her rights vested during her life, and her heirs took the same by inheritance.

APPEAL from Johnson.   Tried below before Hon. J. M. HALL.
No statement is necessary.

*Smith & Davis*, for appellants.— 1.   Under the law no one can appeal from any order or decree made in an estate in the County or District Court without giving bond, etc., except administrators or executors; and the executors in this case not having appealed from the order or decree of the County Court to the District Court, and R. M. Leggett having failed to give bond, the appeal should have been dismissed by the District Court.   Rev. Stats., arts. 2200, 2202.

2.   The sixth clause in the will made a direct and positive bequest to J. V. Hudgins, conditioned that her mind was permanently impaired; and it is averred in the application that such was the fact and had been long before her death, and that the bequest had vested in her, and therefore her heirs inherited it from her.   2 Redf. on Wills, 3 ed., p. 210, and authorities in note 17.

3.   The facts set out in appellants' application with the exhibits thereto showed appellants to be entitled to have $4000 set apart to them as heirs of J. V. Hudgins, same being vested in her under said sixth clause of the will before her death; and the case should not have been dismissed at cost of appellants.

*Bledsoe, Patton & Brown* and *Crane & Ramsey*, for appellees.—1.   Under the law R. M. Leggett, as guardian of the estate and person of Frederick Leggett, had the right to prosecute the appeal in this case to the District Court without bond; and hence the court did not err in overruling the motions to dismiss the appeal.   Sayles' Civ. Stats., art. 1408, and notes; Id., arts. 1439, 2707–2713, 2202, 1639, and notes; Battle v. Howard, 13 Texas, 345–348; Buttlar v. Davis, 52 Texas, 80–83.

2.   The sixth clause of said will simply creating, if anything, a trust on the estates conveyed to the appellees for the use and benefit of Mrs. J. V. Hudgins, and not a positive and direct bequest to her, the County Court had no jurisdiction in this case; and hence the District Court

could acquire none on appeal. 6 Law. Rep. Ann., p. 353, and notes; 1 Jarm. on Wills, p. 680, and note, p. 682; Redf. on Wills, book 3, p. 505, sec. 65; Schoul. on Wills, secs. 608, 609, 595; Perry on Trusts, secs. 112–123; Cotton v. Colter, 127 U. S., 139, 142; McMurry v. Stanley, 69 Texas, 227.

3. The trust created by the sixth clause of said will being for the personal benefit and use of Mrs. J. V. Hudgins upon the happening of a contingency, and Mrs. Hudgins having died before the property was reduced to her possession or title to same vested in her, her death, by removing the person for whose benefit the trust was created, left no one in esse who was entitled to recover the property or money from appellees, who held the same in trust for Mrs. J. V. Hudgins, if she was interested in it at all. Rev. Stats., art. 1817.

4. The will of the testator having by its terms vested the absolute property in the devisees and legatees therein named, and showing a clear intention that the devisees should have the absolute property, the limitation over to Mrs. J. V. Hudgins being inconsistent with the absolute property intended to be conveyed to the legatees, can not be enforced. Speairs v. Ligon, 59 Texas, 233; 1 Perry on Trusts, sec. 115; 5 Law. Rep. Ann., p. 353.

5. The judgment of the County Court was absolutely vacated and annulled by the appeal; and hence the decree of the County Court of November 19, 1889, did not have the effect of making Mrs. Hudgins' right to the $4000 a vested right at the time of her death, as claimed in the application of appellants herein. Sayles' Civ. Stats., art. 2207; Moore v. Jordan, 65 Texas, 395; Bender v. Lockett, 64 Texas, 566; Kelly v. Settegast, 68 Texas, 13.

STAYTON, CHIEF JUSTICE.—F. M. Sansom died testate; his will was duly probated, and the sixth paragraph of it was as follows:

"In consequence of the fact that my daughter J. V. Hudgins is now grievously afflicted, and serious doubts are entertained that even if she recovers physically her mind will be wrecked and shattered, I desire, direct, and instruct that each of my other heirs, to-wit, F. N. Sansom, Jr., Otis Sansom, Leon Sansom, and Frederick Leggett, shall contribute out of the shares and interests herein bequeathed to them each the sum of $1000 for her use and benefit, in addition to the bequests herein individually made to her. This provision and bequest, however, is based and conditioned on the contingency that the mind of my said daughter is permanently impaired."

Other parts of the will made bequests to the sons named in this paragraph, and appointed executors.

The case now before us grows out of an application made by the husband of Mrs. Hudgins, as her next friend, in the County Court in

which the estate was in course of administration, to have the $4000 set aside to her, on the ground that her mind was permanently impaired. The executors and guardians of the minors named in the sixth paragraph of the will were made parties, but the executors made no defense. One of the guardians contended that the proceeding ought not to be maintained against him or his ward in the county in which the estate of his testator was being administered, on the ground that the guardianship of his ward was pending in another county; demurred to the application, and pleaded a general denial, and some other defenses.

So far as the transcript shows, the other guardian made no defense in the County Court, which on hearing overruled the exceptions to the guardian who answered, and on hearing the application on its merits found that the facts existed which entitled Mrs. Hudgins to the sum claimed under the will; whereupon a decree was entered, that before partition of the estate the sum of $4000 should be set apart to Mrs. Hudgins, to be paid to a guardian of her estate to be thereafter appointed, who was required to give bond as provided by law. The decree further declared the $4000 to be a charge upon and valid claim against the estate, to be paid before partition or distribution.

From that judgment the guardian of the estate of Frederick Leggett in open court gave notice of appeal, but he executed no appeal bond.

Mrs. Hudgins having died, her heirs became parties in the District Court, and moved the court to dismiss the appeal for want of an appeal bond; but the motion was overruled, and on hearing the District Court sustained the exceptions to the application filed in the County Court, as well as exceptions filed by the other guardian in the District Court, and the application was dismissed, and from that judgment this appeal is prosecuted.

The exceptions filed in the District Court were, that "this court has no jurisdiction and can not try the issue involved in this case, because he says that the item or clause of the will of F. M. Sansom, deceased, upon which said application is based, did no more than to create a trust or a charge upon the estate conveyed to the legatees and devisees named in said will for the benefit of Mrs. J. V. Hudgins upon the happening of the events therein mentioned; that, therefore, the Probate Court having no jurisdiction to enforce said trust, this court acquired none by appeal."

The statute regulating appeals to the Court of Appeals and to the Supreme Court provides, that bonds shall not be necessary in cases appealed by executors, administrators, or guardians, when prosecuted in their fiduciary capacities. Rev. Stats., art. 1408. This law as to executors and administrators is substantially the same as the act of 1848, known as the District Court Act. Pasch. Dig., art. 1503.

The statute regulating appeals in matters of probate gives the right of appeal to any person who may consider himself aggrieved by any decision, order, decree, or judgment of the County Court (Rev. Stats., art. 2200); but it provides, that "he shall, within fifteen days after such decision, order, judgment, or decree shall have been rendered, file with the county clerk a bond," etc. Rev. Stats., art. 2201. The next article provides, that "when an appeal is taken by an executor or administrator no bond shall be required unless such appeal personally concerns him, in which case he must give the bond." Rev. Stats., art. 2202. The power of the Legislature to enact these laws doubtless exists. The statute further provides, in reference to proceedings in guardianships, that "any person who may consider himself aggrieved by any decision, order, or judgment of the court, or by an order of the judge thereof, may appeal to the District Court, as a matter of right, without bond." Rev. Stats., art. 2707.

Thus it will be seen that the law provides for appeals in three classes of cases. In the first, guardians as well as executors and administrators are not required to give bonds. In the next, as an exception to the general rule prescribed, it is provided, that executors and administrators shall not be required to give bonds; while in the third, no bond is required. The case before us belongs to the second class, and courts have no power to add an exception to the general rule prescribed, when the Legislature in making exceptions has not included it.

The case of Lumpkin v. Smith, Guardian, 57 Texas, 489, we must deem conclusive of the necessity for an appeal bond where a guardian appeals from an order or decree of a County Court made in the administration of the estate of a deceased person. If the exception of the guardian who presented the question of jurisdiction of the Probate Court should have been sustained, the same result would follow.

We are not advised of the ground on which the District Court sustained exceptions to the application, but are of the opinion that the exceptions should have been overruled if the cause had been properly before the court.

The substance of the sixth paragraph of the will was, in the contingency named, to give of the testator's estate to his daughter $4000 more than she would otherwise receive; and on the same contingency to give to each of the sons $1000 less than they would otherwise receive. Whether the contingency had arisen the County Court had power to determine, and whether it proceeded in the proper manner is not now the question. The court had power to require the executors to pay to Mrs. Hudgins, or to any person entitled to receive it, any sum of money to which she was entitled under the terms of her father's will. Rev. Stats., arts. 1957, 2105, 2107, 2108.

If the ruling of the District Court was made on the ground that the application did not state facts sufficient to show that Mrs. Hudgins was

entitled to the sum claimed, we think this was error. If it was on the ground that her death rendered inoperative the paragraph of the will in question, we are of the opinion that this was erroneous, for if the right once vested in her it would descend to her children; and the decree of the Probate Court made during her life, so long as it is not set aside, is conclusive of the fact that the contingency had arisen which entitled her to the sum claimed.

For the errors noticed the judgment of the District Court will be reversed, and judgment will be here rendered dismissing the appeal to the District Court, which will leave the decree of the County Court in full force.

It is so ordered.

*Reversed and rendered.*

Delivered March 26, 1892.

JUSTICE HENRY not sitting.