JAKE PEARCE, GUARDIAN, v. SWEET LEITCH.

Decided June 9, 1906.

**Appeal from Probate Order—Proceeding in rem—Conclusive.**

From an order of the County Court setting aside a homestead to the surviving widow the administrator of the estate appealed to the District Court where the same order was made. Afterwards, in his capacity as guardian of the minors, he sued out a writ of certiorari for the purpose of having the same order reviewed by the District Court. Held, there is no authority for such second review of a probate proceeding. The proceeding to set aside the homestead was a proceeding in rem and the judgment of the District Court on appeal was conclusive upon all persons interested in the estate.

Appeal from the District Court of Hood County. Tried below before Hon. W. J. Oxford.

*Jno. J. Hiner* and *H. D. Payne,* for appellant.

*Estes & Douglass,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—This is an appeal from a judgment of the District Court rendered October 25, 1905, setting aside a homestead to Sweet Leitch, the surviving widow of D. L. Leitch, deceased, the proceeding of the County Court where the original order was made December 23, 1904, setting aside to her the homestead, having been taken to the District Court by writ of certiorari at the instance of appellant, as guardian of the minor children of D. L. Leitch, after he had prosecuted an unsuccessful appeal from said order as adminstrator of the estate of said D. L. Leitch.

We know of no authority or precedent for such second review of a probate proceeding. The minors represented by appellant as guardian in the certiorari proceeding, although they had no guardian when the order was entered in the County Court setting aside the homestead and when on appeal to the District Court a like order was made, were nevertheless bound as distributees of the estate in course of administration by the judgment rendered on appeal and could not, through a guardian subsequently appointed, have another adjudication of the same matter by means of a writ of certiorari. A probate order may be brought before the District Court either by appeal, at the instance of any person who may consider himself aggrieved by it, as provided in article 2255 of the Revised Statutes, or by certiorari, at the instance of any person interested in the estate, as provided in article 332 of the Revised Statutes, or possibly by both methods; but when the matter has once been tried *de novo* and disposed of in either proceeding the litigation in that court is at an end. Especially is this the case in a proceeding to set aside a homestead, since it is a proceeding *in rem,* which answers the contention of appellant that the minors were not parties to the appeal taken by the administrator and therefore not bound by the decree rendered therein. Any other construction of the articles of the statute above cited would lead to endless litigation. It could not have been the purpose of the lawmakers, in providing for the administration of estates of deceased

persons, to allow any person considering himself aggrieved by an order of the Probate Court to have a trial *de novo* on appeal, and at the same time allow every other person interested in the estate to have the same matter again tried *de novo* on writ of certiorari.

The error of the court in proceeding to try the issue again, notwithstanding the judgment previously rendered on appeal, which was urged in bar of the proceeding, was not one, however, of which appellant can be heard to complain; but inasmuch as the court undertook by this judgment to deprive the surviving widow of a part of the annual income of the homestead, to that extent altering the original judgment, of which complaint is made by cross assignments, we have concluded to reverse the entire judgment and dismiss the certiorari proceeding.

*Reversed and dismissed.*

Writ of error refused.