WILLET F. COOKE, executor, &c., of Josephine G. Davis, deceased,

*v.*

WOMEN'S MEDICAL COLLEGE OF PENNSYLVANIA et al.

[Decided June 6th, 1913.]

1. The executor, under a will giving the residue from the proceeds of sale of any and all the real property of testatrix to a medical college, and imposing upon him the duty of carrying out and performing the devises of the will, had an implied power of sale to enable him to perform such duty.

2. A will devising "the residue from the proceeds of sale of any and all my real property" to a medical college, and requiring the executor to carry out and perform the beneficiary devises of the will, was not objectionable for indefiniteness or uncertainty.

3. Where testatrix, a graduate of the Women's Medical College of Pennsylvania, made a residuary bequest to the Women's Medical College of Pennsylvania, it would be construed as referring to the Women's Medical College of Pennsylvania.

4. A gift of the residue of an estate to the Women's Medical College of Pennsylvania, with the wish that the donor's nieces or their female posterity, if worthy, be given preference in the scholarship, was not invalid because the donor did not point out the particular beneficiary, since she endowed the college with express or implied power to select such beneficiaries.

5. On bill by an executor for the construction of a will giving the residue to a medical college, the court, on construing the will in favor of the residuary devisee, was authorized to allow costs and counsel fees to each of the parties out of the residuary fund in the executor's hands.

*Messrs. Lambert & Stewart,* for the complainant.

*Mr. Howard M. Cooper,* for Women's Medical College of Pennsylvania.

*Mr. William A. Coddington,* for the defendants William P. and John H. Griffith.

LEWIS, V. C.

Doctor Josephine G. Davis, the testatrix, owned at the time of her death property in East Orange, New Jersey, subject to a mortgage for $20,000, and three lots in Rockland county, New York, clear of encumbrances. She was a graduate of the Women's Medical College of Pennsylvania, and the gift in the fifth clause of her will is to the Women's Medical College of Pennsylvania, and is of "the residue from the proceeds of sale of any and all my real property." There is no power of sale in words in the will, but in the twelfth clause of the will the duty is put upon the executor to "carry out and perform the beneficiary devises of the will." Construing the fifth and twelfth paragraphs together, there is no doubt in my mind that to perform his duty the executor must have, by implication, power to make sale. By the twelfth clause of the will the duty is imposed on the executor to carry out and perform the beneficiary devises of the will. This necessarily imposes the power of sale to enable him to perform the duty. He has the power by implication. *Haggerty* v. *Lanterman, 30 N. J. Eq. (3 Stew.) 37; Chandler* v. *Thompson, 62 N. J. Eq. (17 Dick.) 723: Lindley* v. *O'Reilly, 50 N. J. Law (21 Vr.) 649.*

Further, it does not appear, construing the aforesaid clauses of the will of Doctor Davis, that there is indefiniteness or uncertainty in it. The devise in the fifth clause is the devise of the proceeds of sale of her property in New York and New Jersey. The residue she devised is the residue of all the real estate after the payment of the mortgage of her New Jersey property. Construing the fifth and twelfth clauses together, she has devised the proceeds of sale of her interest in her estate to the Women's Medical College of Pennsylvania, and has directed her executor to carry out and perform the beneficiary devises of her will. I have heretofore directed the executor to make the sale of all her real estate and he is now further directed to pay the proceeds to the Women's Medical College of Pennsylvania.

There is no Women's Medical College of Pennsylvania, and as the testatrix is a graduate of the Women's Medical College of Pennsylvania, there is no doubt that she referred to this institution in the fifth paragraph of her will.

It is well established that a gift to a charitable use will not fail of effect because the donor has not pointed out a particular beneficiary to whom he desires his bounty to go, provided that he has endowed some person with express or implied power to select such beneficiaries.    The power to dispense the fund carries with it by implication the power to select.    *Hesketh* v. *Murphy, 35 N. J. Eq. (8 Stew.) 23; Norcross* v. *Murphy, 44 N. J. Eq. (17 Stew.) 522; McBride* v. *Elmer's Executor, 6 N. J. Eq. (2 Halst. Ch.) 107; Jones* v. *Watford, 62 N. J. Eq. (17 Dick.) 339.*

It is not necessary for the will to designate the persons to be benefited.  ·The college by its system of examining will determine that.    It is not necessary for the will to define the standards of worthiness of the recipients.    The college is the best judge of that.    It was not necessary for the testatrix to have defined with more ·certainty the beneficiary of her trust. She has named a devisee certain, the college from which she graduated.    It is to receive the proceeds from the sale of her real estate.    The fund is to be held for the educational purposes for which the corporation was formed, and her expression of a wish that her nieces or their female posterity, if they prove themselves worthy, be given preference in the scholarship, is one of a definite and not an indefinite line of beneficiaries.

There is no doubt that the cases of *The Attorney-General* v. *Moore's Executors, 19 N. J. Eq. (4 C. E. Gr.) 503,* and *Larkin* v. *Wikoff, 75 N. J. Eq. (5 Buch.) 462,* authorize the allowance by the court from the residuary fund in the executor's hands of costs and counsel fees to each of the parties in this proceeding.