## CHARLESTON.

JOSEPH W. GALLAHER *v.* EMILY JANE GALLAHER *et als.*

(No. C. C. 414)

Submitted January 9, 1929.  Decided January 22, 1929.

*Martin Brown, Walter A. McGlumphy* and *D. B. Evans,* for plaintiff.

*J. M. Ritz,* for defendants.

LITZ, JUDGE:

This case was certified from the ruling of the circuit court, sustaining a demurrer to the bill, which seeks to have declared void alleged charitable or benevolent trust or trusts in the will of John T. Gallaher, deceased.

The testator, a citizen and resident of the State of Pennsylvania, died November 22, 1926, seized and possessed of certain valuable real estate situated in the counties of Marshall and Ohio, West Virginia.  After providing for the payment of his funeral expenses and debts and disposing of certain personal effects, the testator devised the remainder and

residue of his estate to the Bank of North America & Trust Company of Philadelphia, Pennsylvania, and J. M. Ritz, of Wheeling, West Virginia, in trust "to invest and keep the same invested, without restrictions in such investments to the securities approved by law for the investment of trust funds and for the exercise of its discretion in investing for the benefit of said trust estate in other than lawful securities, it is directed that the said trustees shall not be held accountable; to collect and receive the interest, dividends, royalties, rents and other forms of income; to pay interest, taxes, insurance, repairs and other necessary expenses of proper maintenance; and to pay over the net income to the following: To my dear mother, Emily Jane Gallaher, during her natural life, for her support in the same manner and character as she has been accustomed to live, the one-half of the net income. To my beloved wife, Harriet Thackeray Gallaher, the remaining one-half of the net income during the term of her natural life as long as she remains my widow."

The will further provides that "upon the death of my mother, Emily Jane Gallaher, and upon the death of my wife, Harriet Thackeray Gallaher, or her remarriage, the net income from my whole estate shall be applied and apportioned to educating young men in Lafayette College at Easton, Pennsylvania, as a memorial to my father and mother, Joseph W. Gallaher and Emily Jane Gallaher; my grandfather and grandmother, John Thompson and Sarah Anne Thompson; and my uncle, Charles Thompson. The said young men shall be from poor parents, who reside in Marshall and Ohio counties, West Virginia, and Belmont county, Ohio, in order named. Except that any son of or the descendants of Elizabeth Thompson Eckert, Eliza Frissell, Lea Thompson, Charles T. Gallaher, Ella B. McConnell and Joseph G. Dawson, wherever they reside, shall have first opportunity to receive such education under this provision. Provided, however, that after the death of my mother, Emily Jane Gallaher, should my nephew, Charles T. Gallaher, be then living, I order and direct that *the* one-half of the income which she had received during her life, shall be given to my trustees in such payments as they find possible, but not less than yearly, to

Charles T. Gallaher, the remaining one-half part to be put into the trust fund as provided." The will also appoints said Bank of North America & Trust Company and J. M. Ritz, executors thereof with power as such executors and trustees to sell any or all of the real estate and invest the proceeds.

The plaintiffs contend that the general trust created for educating young men in Lafayette College embraces a private trust, in favor of the sons and descendants of certain relatives of the testator, and a public trust in favor of young men from poor parents residing in Marshall and Ohio counties, West Virginia, and Belmont county, Ohio; that the two trusts are inseparable parts of the same scheme of the testator and must therefore stand or fall together. They argue further that the alleged private trust is void on the ground that it violates the rule against perpetuities, and that the entire trust is unenforceable because of indefiniteness of purpose.

The purpose of the trust being to establish a permanent fund for educating young men in Lafayette College, (a school for boys only), those who may take advantage of its benefits are limited to males, notwithstanding "descendants", ordinarily, include both sexes. So construing the will, is anyone of the grounds of attack hereinbefore specified valid? Section 3, Chapter 57 of the Code, as amended by Chapter 46, Acts of 1923, provides:

"Where any conveyance of land has been or shall be made to trustees for the use of any college, academy, high school, or other seminary of learning, or for the use of any society of free masons, odd fellows, sons of temperance or good templars, or for any orphan asylum, children's home, or other benevolent association or purpose; or if, without the intervention of trustees, such conveyance has been made since the thirty-first day of March, one thousand eight hundred and fortyeight, or shall be hereafter made for such use or purpose, the same shall be valid, and the land shall be held for such use or purpose only."

This section, which has been applied to transfers by will, it will be observed, validates "benevolent" gifts. Comment-

ing on the meaning of "benevolent", as used in the statute, JUDGE WILLIAMS said, in *Hayes* v. *Harris,* 73 W. Va. 17:

> "In the interpretation of statutes, words must be given their popular meaning, unless there is something in the nature of the act to show that they were used in a more limited sense. *Daniel* v. *Simms,* 49 W. Va. 554. While the word *benevolent* does not include all those indefinite trusts recognized in chapter 4, 43, Eliz. as charities, still it is more comprehensive and wider in its scope of meaning than the word *charitable,* and may include what are not recognized as charities in the old English law. *Murdock* v. *Bridges,* 91 Me. 124, 39 Atl. 475; *Chamberlain* v. *Stearns,* 111 Mass. 267; *Adye* v. *Smith,* 44 Conn. 60, 26 Am. Rep. 424. It includes all gifts prompted by good will or kind feeling toward the recipient, whether an object of charity or not, and has no legal meaning separate from its usual meaning. *Norris* v. *Thompson's Ex'rs.,* 19 N. J. Eq. 307."

The gift being for the definite purpose of educating young men in Lafayette College, and the classes from which they are to be selected being also clearly designated, it is no objection to the validity of the trust that the individuals entitled to share in its benefits are not definitely identified. "One of the essential elements of a charitable or benevolent trust is that it be certain in its object and as to the class of persons, but indefinite as to the individuals to be benefitted." *Mercantile Banking & Trust Company* v. *Showacre,* 102 W. Va. 260.

There is no merit in the claim that the preference in favor of the sons and (male) descendants of certain relatives of the testator invalidates the trust. In *Perrin* v. *Carry,* 24 Howard 465, it is held that a devise for establishing and maintaining, so far as practicable, two colleges in Cincinnati for the education of boys and girls, was not invalidated by the provision in the will giving preference of admission to any and all the testator's legatees, relations and descendants and to a certain individual and his descendants; the court saying: "There is no uncertainty in the devises and bequests as to the

beneficiaries of his (testator's) intention; and his preference of particular persons, as to who should be pupils in the colleges which he meant to found, was a lawful exercise of his rightful power to make the devises and bequests.'' A bequest for the benefit of the poor, preferring the poor relatives of the testator, was declared valid in *Darcy* v. *Kelly,* 153 Mass. 443, 26 N. E. 1110. The opinion of the court reads:

"In interpreting the will we must first endeavor to ascertain the intention of the testator, and then see whether it can be carried out. After the death of the widow, the property was to be used as 'a relief fund for the poor', and was to be appropriated, in the first place, to the aid of his poor relatives. * * * Did the testator intend this as a private trust for the benefit of his poor relatives living at the time of his death, or did he intend to establish a public charity? If it is a private trust, his poor relatives, inasmuch as there has been no selection by the trustees mentioned in the will, are those who would take under the statute of distributions, although the trustees in making a selection might have chosen from a larger class. * * * But it seems evident that the testator did not intend to limit his bounty to so small a class. This property is given 'for the purpose of a relief fund for the poor.' This broad statement completely describes the general nature of the gift. It includes all the poor, and opens to the discretion of the trustees a field as broad as the world. He then provides more specifically that a preference shall be given to his poor relatives, 'if any such there be', meaning such persons as may at any time in the future, while the trust continues, be related to him by blood. The charity is obviously of a public nature, and it is, in its terms, within the familiar definition of a public charity."

*Dexter et als., Trustees* v. *President and Fellows of Harvard College,* 176 Mass. 192, 57 N. E. 371, deals with a bequest, arising from the income of a permanent fund, "to pay the fees of tuition and instruction, the costs of text books, room rent, and reasonable board, of such descendants of David Ellis and Beulah Newell formerly of Dedham, and

John Ellis and Hannah Ellis, formerly of Walpole, as may be students at Harvard College.'' Referring to the trust, the court said:

> ''From very early times the founding of scholarships in universities has been favored by the law, and such scholarships are none the less public charities that they are open to the rich as well as the poor. Payment of the 'fees of tuition and instruction, the cost of text books, room rent, and reasonable board' of students in universities, is a strictly educational object, and is an ordinary purpose of the founders of scholarships. There is no ground for the contention that in making this charitable gift the testator was precluded by law from directing that it should be devoted primarily to the establishment of scholarships. Nor have we been referred to any case which holds that in providing for the administration of such a charity the founder is precluded from directing that preference shall be given to his kin, or to any other class of persons that he favors. The only persons to be preferred under this provision are the lineal descendants of the testator's grandparents. * * * A direction requiring such a preference is assumed to be a lawful exercise of his rights and powers.''

*Franklin* v. *Armfield,* 34 Tenn. 305, holds that a devise to trustees for establishing and maintaining a seminary of learning in which are to be educated and supported during the period of pupilage the children of the testator and their descendants, the children of his brothers and sisters and their descendants and such of the poor children of the county in which the school is to be established as the trustees might select, creates a good and valid charity. *Swasey* v. *The American Bible Society,* 57 Me. 523, holds that a bequest for the education of a relative (of the testator) above the age of fourteen years and a resident of a town named, who should be of the Calvinistic faith and a student for the ministry, is valid as a charitable bequest.

The decree of the circuit court is therefore affirmed.

*Affirmed.*