**McCORMICK et al. v. EAST COAST ENTERPRISES, Inc., et al.**

No. 6290.

Circuit Court of Appeals, Fifth Circuit.

April 7, 1932.

Rehearing Denied April 29, 1932.

Owen W. Pittman, Jr., and Frank E. Bryant, both of Miami, Fla., and Winfield P. Jones, of Atlanta, Ga., for appellants.

M. L. Mershon, W. I. Evans, Scott M. Loftin, Jno. P. Stokes, James E. Calkins, and Richard H. Hunt, all of Miami, Fla., and Martin H. Long, H. P. Adair, J. C. Cooper, Jr., and Fred H. Kent, all of Jacksonville, Fla., for appellees.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a judgment dismissing a bill in equity on motion. The bill is voluminous, but the material facts alleged may be briefly stated.

Appellants McCormick and Dickerson were respectively the owners of $15,000 and $5,000 of an issue of $1,600,000 of first mortgage bonds of the East Coast Enterprises, Inc. The bonds were secured by mortgage and deed of trust on four 93-year leases on certain property in Miami, Fla., together with all buildings and improvements erected thereon, and were guaranteed by the Miami Holding Company. A hotel was built on the property, and various material and labor liens arising therefrom were recorded against it. A bondholders' committee was formed, and all the bonds (including those owned by appellants) except $35,000 were deposited with that committee. A suit to foreclose the mortgage was brought in the Circuit Court for the Eleventh judicial circuit of Dade county, Fla., by the trustee under the mortgage. By supplemental bill, the Miami Holding Company was made a party defendant in that suit. The bondholders' committee entered into an agreement with other interested parties pursuant to which a new corporation was formed to buy in the property at a foreclosure sale. All the bonds deposited with the committee were transferred to the new corporation for a three-fourths interest in it.

The bill alleged that the Miami Holding Company, the East Coast Enterprises, Inc., and various other corporations, unnecessary to name, were dominated and controlled by one S. A. Lynch and various named associates; that Lynch and others were guilty of fraud and concealment as follows: That the Miami Holding Company owned four 99-year leases on the property, with an option to purchase the fee for $208,000, and fraudulently transferred only 93-year leases to the East Coast Enterprises, Inc., instead of the whole property owned by it; that the Miami Holding Company and others had promised to pay off the material and labor liens and that these liens were subordinate to the mortgage; that the hotel erected had been damaged by a storm and insurance to the amount of $177,000 had been recovered, and this had been misapplied. There were other allegations of fraud and concealment too numerous to mention.

The state court passed upon all these issues; held that the mortgage bore only on the 93-year leases; that the insurance money had been properly distributed; ranked the material and labor liens, giving some of them preference and subordinating others to the mortgage; and, on August 20, 1930, decreed a foreclosure of the mortgage and sale of the property, allowing the bonds to be used in part payment of the purchase price.

In addition to other relief, the bill prayed specifically for the annulment and setting aside or amendment of the decree of foreclosure in the state court.

Appellants were represented by the trustee and the bondholders' committee in the foreclosure of the mortgage. They had no interest except to preserve and realize upon the security for the bonds. The state court disposed of all the issues pertinent to that interest. It is apparent that appellants would not be entitled to any relief unless the decree of foreclosure were set aside. They could have filed a bill in the nature of a bill of review in the state court, but did not do so. Powers v. Scales, 61 Fla. 717, 55 So. 799. The District Court rightly held that it was without jurisdiction to either annul or amend the judgment of the state court. Graham v. Boston, Hartford & Erie R. R. Co., 118 U. S. 161, 6 S. Ct. 1009, 30 L. Ed. 196; Strand v. Griffith (C. C. A.) 144 F. 828; Bower v. Stein (C. C. A.) 177 F. 673; Louisville & Nashville R. Co. v. Western Union Telegraph Co. (C. C. A.) 233 F. 82.

Affirmed.