## TAYLOR et al. v. DINSMORE et al.

### No. 12295.

Court of Civil Appeals of Texas. Dallas.

Feb. 12, 1938.

Rehearing Denied March 12, 1938.

Bumpass & Killough, of Terrell, and W. G. Sears, of Houston, for appellants.

Bond & Porter, of Terrell, and Ross M. Scott, of Dallas, for appellees.

LOONEY, Justice.

The court below sustained a general demurrer to appellants' petition and dismissed their suit. The following brief chronological statement of events, gleaned from the petition, shows the origin, nature, and development of the litigation. S. C. Clyette died in Kaufman county, July 14, 1928, leaving a will by which he made two cash bequests of $5,000 each to his niece, Mrs. Clara Weathers, and to his grandson, S. C. Doss. The residue of his estate was bequeathed to three trustees (for the benefit of Mrs. Weathers and Doss), with power of sale for purposes of administration; the trust estate to exist for a period of 21 years; rents and revenues derived therefrom to be paid annually, share and share alike, to the beneficiaries; directing that, if Mrs. Weathers should either die or marry prior to the expiration of the trust period, the rents and revenues otherwise going to her should be paid to the grandson, S. C. Doss; and that, in the event of his death before the expiration of the trust period, rents and revenues otherwise payable to him should be paid to his wife and children. The trustees were also directed, at the end of the 21-year period, "to deliver, pay over, and convey to my said grandson, S. C. Doss, or if he shall be dead to those entitled to inherit from him under the laws of descent and distribution, of all such trust estates as shall then be in the hands of said trustees." A codicil forming a part of the will (if valid) changed the provision just quoted; the codicil reads: "Referring to paragraph 'c', relative to the final disposition of my estate, in so far as it concerns the heirs of my grandson S. C. Doss, I hereby direct that in the event of the death of said S. C. Doss, without issue, shall revert to my lawful heirs and not the lawful heirs of the said S. C. Doss."

The will of Mr. Clyette was duly admitted to probate by the county court of Kaufman county on September 29, 1928. On October 6, 1928, S. C. Doss, the grandson (who, in the absence of a will, would have inherited the entire estate of his grandfather), began in said court a contest of the will and codicil, alleging that they were not executed in the manner and with the formalities required by law; that at the time of their execution the testator was lacking in testamentary capacity; and that the execution of same was the result of undue influence brought to bear on testator by his niece, Mrs. Weathers. The three executor-trustees of the estate and Mrs. Weathers were cited as defendants in the contest proceedings. On trial had in the county court, the contest was denied; Doss duly perfected an appeal to the district court, where, on November 27, 1929, the contest was heard and final judgment rendered, sustaining same in part—that is, the provision of the will creating a trust estate in favor of Mrs. Weathers and the codicil were annulled; in other respects the will was sustained.

Appellants contend that the judgment of the district court annulling the codicil was upon agreement of the parties and not upon evidence introduced at the hearing, therefore they say the judgment is one in personam and not in rem, hence

is binding alone upon parties to the agreement and upon no one else. If the predicate assumed by appellants is sound, their conclusion is inescapable; but we do not think the record justifies the assumption that the judgment annulling the codicil was based on an agreement; on the contrary, the recitals undubitably show that the judgment as to the codicil was had upon evidence introduced and considered by the court; this we think is revealed by excerpts from the judgment, as follows: "Court in session this the 27th day of November, A. D. 1929, and came on to be heard this cause on appeal from the Probate Court of Kaufman County, wherein S. C. Doss is plaintiff, Clara Weathers, M. H. Pace, E. F. Morrow and Alf Morris are defendants, wherein the plaintiffs contest the will of S. C. Clyette, dated March 23, 1928, and also specifically contest certain provisions of said will and the codicil thereto. All parties, plaintiffs and defendants, appeared in person, as well as by their attorneys and announced ready for trial. A jury having been demanded, and there came 12 good, true and lawful jurors, who were duly and legally impaneled to try this cause. After hearing all of the pleadings, evidence submitted, all parties in open court agreed that this cause might be withdrawn from the jury and submitted to the court. After due consideration of all the pleadings and evidence submitted, this court finds that the law and the facts are partly with the plaintiffs and partly with the defendants—in that, certain provisions of said will should be probated as the last will of S. C. Clyette, and certain provisions hereinafter enumerated should not be probated. All of those parts of said will hereinafter enumerated should not be probated, or stricken out of said will, and the defendants in open court so agreed, and in open court disclaimed all right, title and interest in and to the bequests so mentioned in the provisions of said will, which is ordered by this court not to be probated. * * *" The judgment proceeds: "From all of the evidence introduced, the court finds that all of the provisions of such will as attempts to create a trust estate in favor of Clara Weathers by the testator, is void, should be and is set aside, and all of such provisions are stricken out of said will and held for nought; furthermore, the court finds from all of the evidence submitted that the codicil attached to said will was not executed with all of the formalities as required by law, and was executed under such circumstances at the time as made such codicil void, and the probate of such codicil should be set aside, and it is so ordered." The judgment proceeds in regular form to approve and sustain the will in all respects, except as to the trust estate in favor of Mrs. Weathers and the codicil. Referring to the codicil again, the judgment continues: "It is further ordered, adjudged and decreed that the probate of the purported codicil, endorsed on said will, to-wit (copies codicil here) be, and the same is hereby set aside, and the probate of such codicil as well as the codicil itself is annulled. The defendant (meaning the executors and beneficiary, Clara Weathers) in open court requested an entry to be made of their approval of the aforesaid judgment, and the said Clara Weathers and the trustee and executors, in open court, disclaimed any and all interest, right or title in and to the estate of S. C. Clyette, save and except under the provisions of said will as herein probated, and ordered to be probated by this court, as herein ordered. * * *" Provisions of the judgment are, in other respects, not material here.

On February 9, 1935, S. C. Doss died intestate, without issue, leaving surviving his wife (the present Mrs. Robert Dinsmore), Herbert Doss, his father, and Charles Doss, a half-brother. On June 19, 1935 (over seven years after the judgment in the contest proceedings was rendered), appellants (plaintiffs below), claiming to be the only surviving heirs at law of S. C. Clyette and, as such, under the terms of the codicil of his will, were entitled to the reversion of the estate heretofore mentioned, brought this suit for the recovery of said interest, against the following parties, to wit: Mrs. Robert Dinsmore (widow of S. C. Doss) and her husband, Robert Dinsmore, Herbert Doss, father, and Charles Doss, half-brother of the deceased; also Mrs. Clara Weathers, J. P. Coon, and Angus Wynne, her attorneys in the contest proceedings, who obtained an interest in the oil, gas, and mineral rights recovered by Mrs. Weathers, it seems, as the result of an agreement between her and S. C. Doss; also Lawrence Tankersley, sole trustee appointed by the court, in lieu of the three trustees named in the will, whose resignations were accepted by the court, as recited in the judgment. Among other things, appellants prayed for the recovery of all and singular the property, real and personal, belonging to the estate of S. C. Clyette, deceased, subject to the terms of his will, as probated in the county court of Kaufman county; that the present trustee,

Lawrence Tankersley, be required to file a report, make an accounting, and surrender custody of said properties to the probate court of Kaufman county; and that a receiver be appointed to take charge of same, etc.

Appellants' petition is voluminous, setting out at length the will and codicil in question; also the pleadings of the parties in the contest proceedings by S. C. Doss, and the judgment of the district court therein. Among the defenses urged by defendants was a general demurrer which the court sustained and, as appellants declined to amend, their suit was dismissed, from which this appeal was taken.

The several assignments of error urged by appellants for reversal are reducible, we think, to the following: That is, being the only heirs at law of S. C. Clyette, they are entitled to the reversion of the estate, under the terms of the codicil to his will, and, not being parties to the contest proceedings, were not concluded by the judgment rendered therein, in that same was not based upon evidence, but upon an agreement of parties thereto, hence is binding alone upon them.

It is obvious that appellants' right to recover the reversionary interest for which suit was brought is dependent alone on the validity of the codicil to the will of S. C. Clyette; therefore, if it appears from appellants' petition that same was annulled by a valid judgment in rem in the contest proceedings, they failed to allege a cause of action, hence the court did not err in sustaining the general demurrer.

■■ It is no doubt true that the feature of the judgment awarding to Mrs. Weathers and her attorneys an oil, mineral, and gas interest in the lands belonging to the estate was based upon an agreement, was in excess of the pleadings, out of place in the will contest, and binding alone on the parties to the agreement; but it does not follow that other features of the judgment were vitiated thereby. Although void in part, a judgment may stand as to the remainder, if the valid part is not dependent upon the invalid. See 25 Tex.Jur., Judgments, §§ 182–255.

Unless the plain, unambiguous recitals of the judgment are disregarded, we do not think it can be successfully contended that the judgment annulling the codicil was based on anything other than evidence introduced. Some of the pertinent recitals of the judgment, heretofore set out, are these: "After due consideration all of the plead-

ings and the evidence submitted, this court finds. * * * Furthermore, the court finds from all of the evidence submitted that the codicil attached to said will was not executed with all of the formalities as required by law, and was executed under such circumstances at the time, as made such codicil void, and the probate of such codicil should be set aside, and it is so ordered. * * *" Again, the judgment recites that: "It is further ordered, adjudged and decreed that the probate of the purported codicil endorsed on said will, to-wit (codicil set out) be, and the same is hereby, set aside, and the probate of such codicil as well as the codicil itself, is annulled."

■ The proceeding instituted by S. C. Doss was a regular statutory will contest, all proper and necessary parties were before the court, therefore we are of opinion that the judgment rendered therein is binding upon every one. The doctrine seems to be well settled that a judgment rendered on an application, either to probate or contest a will, proper parties being before the court, is in rem, immune from collateral attack, and, unless revoked or set aside in a direct proceeding for that purpose, is binding on the world. See articles 3433, 3434 and 3435, R.S.; Steele v. Renn, 50 Tex. 467, 481, 482, 32 Am.Rep. 605; 26 Tex.Jur., Judgments, § 569, and authorities cited.

Appellants' contention, to the effect that the judgment of the district court annulling the codicil was not upon evidence, but was an agreed judgment, is based upon the following: After reciting that the court heard the pleadings and evidence, and, after due consideration, announced its holding, this language appears: " * * * and the defendants in open court so agreed and in open court disclaimed all right, title and interest in and to the bequests so mentioned in the provisions of said will, which is ordered by this court not to be probated." At another place, after saying, " * * * furthermore, the court finds from all of the evidence submitted that the codicil attached to said will was not executed with all of the formalities as required by law, and was executed under such circumstances at the time as made such codicil void," the judgment recites that: "The defendant (meaning the executors and beneficiary, Clara Weathers) in open court, requested an entry to be made of their approval of the aforesaid judgment, and the said Clara Weathers, the trustees and executors, in open court, disclaimed any and all interest, right or title in and to the

estate of S. C. Clyette, save and except under the provisions of said will, as herein probated and ordered to be probated, by this court, as herein ordered."

■ These recitals, in our opinion, simply show that the decree pronounced by the court was acquiesced in by the parties, and present precisely the status in every instance where a judgment is not excepted to or appealed from. We do not think that the explicit recitals, to the effect that evidence was heard and considered, can be gainsaid, or a presumption indulged, that the codicil was annulled by an agreement, rather than upon evidence heard and considered by the court, as recited. A codicil does not become a part of the will, unless executed under the formalities, and in other respects as required to validly execute a will, article 8285, R.S.; Kennedy v. Upshaw, 64 Tex. 411, 418, which, on evidence heard and considered, the court trying the contest found did not exist.

So, we conclude that the judgment annulling the codicil is a valid judgment in rem, binding upon appellants; and, as they relied solely upon the codicil (which was annulled) as basis for their claim to the reversionary interest in the Clyette estate, we do not think the court erred in sustaining the general demurrer to their petition, therefore affirm the judgment.

Affirmed.

BOND, C. J., did not participate.